Law Office of
**Rubin Salter, Jr.**
177 N. Church Avenue, #903
Tucson, Arizona 85701
520/623-5706   FAX: 520/623-1716
State Bar No. 01710/PCC No. 50532
rsjr3@aol.com
KRISTIAN H. SALTER
State Bar No. 026810/PAN#66213
kristian.salter@gmail.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| UNITED STATES OF AMERICA | Case No.:CR20-00507-JAS-MSA |
|---|---|
| PLAINTIFF, | |
| vs. | SENTENCING MEMORANDUM |
| Daniel Blas-Torreabla. | |
| **Defendant** | |

Defendant, Daniel Blas-Torreabla, by and through his attorney undersigned, hereby submits this Sentencing Memorandum and request for variance. The specific grounds for Defendant's request are fully set forth in the accompanying memorandum of points and authorities.

**<u>Memorandum of Points and Authorities</u>**

Defendant Daniel Blas-Torreabla is before this Court on his plea of guilty by way of plea agreement . The Final Presentence Investigation Report (herein PSR) recommends the Court impose a sentence of 12 months imprisonment for the underlying offense with 36 months of supervised release to follow. Daniel believes that a varied sentence of 36 months probation is most appropriate in this matter.

Daniel has lived much of his life outside of the criminal justice system until the instant offense. In fact, his only real interactions with the criminal justice system was a result of him being a victim of an armed robbery just prior to the events of the instant offense. This has been

documented in paragraph 34 of the presentence report. Not only was Daniel's car and property stolen but he was also shot at by one of the accused. The vehicle and property were never recovered. It was this event, and the financial loss he suffered as a result that led him to make the poor decision to commit the instant offense.

Daniel has always been considered a kind, hard working young man by both family and friends. Daniel's actions came as a shock to his family. This appears to be aberrant behavior on his part and not a pattern of criminal conduct or misdeeds. Additionally, it should be noted that Daniel has performed exceedingly well while on pretrial supervision. He has maintained employment, stayed free of the criminal justice system and is taking steps to improve his education and job prospects for the future. Given these characteristics, Daniel would make an excellent probationer.

Daniel would also like the court to consider the impact that a prison sentence can have on a first time offender. As previously mentioned he has no criminal history. Given Daniel's lack of previous countable criminal history points, any sentence of imprisonment would be an unduly harsh sentence. *U.S. v. Paul* 239 F.App'x 353 (9th Cir. 2007) (defendant's 16-month sentence, the top end of the guideline range for unlawful receipt of federal funding, was unreasonably high because defendant was a first-time offender, returned the funds, and displayed remorse); *U.S. v. Jewell*, 2009 WL 1010877 (E.D.Ark. April 15, 2009)(defendant sentenced to 30 months in prison for aiding and abetting tax evasion, because guideline range near the statutory maximum of 5 years was inappropriate for first time offender).

Daniel has been remorseful for his actions and accepted responsibility in the offense and has acknowledged his poor choices that led him to be in front of your honor for sentencing. Daniel has had the opportunity to reflect on his conduct. He has performed admirably on pretrial release and he feels as though things are looking up for him in life despite this event. No matter

what sentence he receives Daniel knows that he has the ability and the resources to once again become a productive member of society and a law abiding citizen.

The potential for rehabilitation is another factor the Court may consider. See United States v. Bogdan, 284 F.3d 324, 330 (1st Cir. 2002) ("It is not uncommon for defendants to discover the virtues of introspection and remorse when facing the threat of punishment."). But separating wheat from chaff is primarily a task for the district court, and a founded prospect of meaningful rehabilitation remains a permissible basis for a variant sentence under the advisory guidelines.See 18 U.S.C. §3553(a)(2)(C)("The court . . . shall consider the need for the sentence imposed to protect the public from further crimes of the defendant."); see also Smith, 445 F.3d at 4-5.

Although Daniel was always law abiding, these events have changed the way he thinks about himself and his actions. Daniel is a young man who now realizes what can be lost when he chooses to engage in criminal activity. Since his release he has worked hard to not only prove to himself and the court that he has learned from this episode, but also his family who has loved and supported him fully throughout this process.

For the reasons stated above Mr. Blas-Torreabla respectfully requests that this court grant a variance in this matter downward to a level which would allow for a sentence of time served or probation. Such a sentence would provide both just punishment for the offense and the courts need to reflect the seriousness of the offense.

///

RESPECTFULLY SUBMITTED this 27th day of May 2020.

                                      LAW OFFICE OF RUBIN SALTER, JR.

*Kristian H. Salter*
_____
Kristian H. Salter

Certificate of Service
I hereby certify that on May 26th, 2020, I electronically transmitted the attached document to the Clerks' Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

tanya.miller@usdoj.gov